577 F.2d 675
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen ADKINS, Defendant-Appellant.
 No. 76-3523.
 United States Court of Appeals,
Ninth Circuit.
 July 3, 1978.
 
 Irwin H. Schwartz (argued), Seattle, Wash., for defendant-appellant.
 James R. Moore, Asst. U. S. Atty. (argued), Tacoma, Wash., for plaintiff-appellee.
 Before WRIGHT, KILKENNY and ANDERSON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This appeal was argued on April 11, 1977, and we deferred submission pending Supreme Court action on several cases presenting the question whether writs of habeas corpus ad prosequendum trigger the provisions of the Interstate Agreement on Detainers, to which the United States is a party. 18 U.S.C.App. 2, § 2. The Supreme Court resolved these issues in United States v. Mauro, --- U.S. ----, 98 S.Ct. 1834, 56 L.Ed.2d 329 (May 23, 1978). The case is submitted now and we remand for further proceedings.
 
 
 2
 On February 17, 1978, Adkins was arrested and charged with violating 18 U.S.C. §§ 472 & 2. She was released on her own recognizance and thereafter confined in a Washington state penal institution to serve a state sentence.
 
 
 3
 A federal grand jury indicted Adkins on July 6, 1976, and two days later the United States District Court for the Western District of Washington issued a writ of habeas corpus ad prosequendum, requiring her to appear for arraignment. She appeared on July 15 and pleaded not guilty. Federal authorities then returned her immediately to state custody without first bringing her to trial. On September 16 a second writ issued to secure Adkins' attendance at a hearing for change of plea, at which she pleaded guilty to both counts of the indictment.
 
 
 4
 Before sentence was imposed, Adkins moved to withdraw her pleas and to dismiss the indictment, contending that the procedures employed by the government to secure her prior appearances violated the Agreement's Article IV(e).[1] She argued that the writ of habeas corpus by which she was transferred was a detainer and that under the terms of the Agreement the government was required to try her before returning her to state custody. The district court denied the motions and imposed sentence.
 
 
 5
 The Supreme Court in Mauro held that the writ of habeas corpus ad prosequendum is not in itself a detainer. Mauro, at ----, 98 S.Ct. at 1847. In United States v. Ford, an appeal consolidated with Mauro, the Court held that if a detainer has been filed against the prisoner, a subsequently issued habeas writ becomes a "written request for temporary custody" within the meaning of the Agreement.
 
 
 6
 It matters not whether the Government presents the prison authorities in the sending State with a piece of paper labeled "request for temporary custody" or with a writ of habeas corpus ad prosequendum demanding the prisoner's presence in federal court on a certain day; in either case the United States is able to obtain temporary custody of the prisoner. Because the detainer remains lodged against the prisoner until the underlying charges are finally resolved, the Agreement requires that the disposition be speedy and that it be obtained before the prisoner is returned to the sending State.
 
 
 7
 Mauro, at ----, 98 S.Ct. at 1848.
 
 
 8
 The parties have now submitted a stipulated motion to augment the record with a copy of a detainer which apparently was lodged against Adkins on April 30, 1976, while she was in state custody. We are unable to ascertain from the record or the motion whether the district judge or the magistrate considered the detainer. Therefore, we deny the motion to augment and remand the cause to the district court to consider augmenting the record and such other proceedings including dismissal of the indictment as may appear appropriate.
 
 
 9
 Vacated and remanded.
 
 
 
 [1]
 Under the terms of the Agreement, a prosecutor who has lodged a detainer against a prisoner of another jurisdiction may secure that prisoner's presence by presenting to the officials of the jurisdiction with custody "a written request for temporary custody." Art. IV(a). Once a prosecutor has obtained custody of a prisoner under this procedure the Agreement requires that trial be commenced within 120 days unless a necessary or reasonable continuance is granted. Art. IV(c). Moreover, the prisoner must be tried before he is returned to the jurisdiction which originally had custody:
 If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.
 Art. IV(e). See Mauro, at ---- - ----, 98 S.Ct. at 1842.